

# Fourth Court of Appeals
## San Antonio, Texas

February 17, 2017

No. 04-17-00073-CV

**IN THE INTEREST OF L.G., A CHILD**,

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2015PA02398
Honorable Peter A. Sakai, Judge Presiding

# O R D E R

This is an attempted appeal from an order terminating parental rights. On October 20, 2016, an associate judge signed an order terminating appellant's parental rights. On October 31, 2016, appellant filed a request for a de novo hearing. On January 27, 2017, the referring court signed a letter stating that the case was submitted for a de novo hearing. In this letter, the referring court ordered appellant's parental rights terminated and directed the Texas Department of Protective and Family Services to draft a final decree. On February 7, 2017, appellant filed a notice of appeal.

Section 201.015(a) of the Texas Family Code provides that a party may file a request for a de novo hearing to be conducted by the referring court; however, the written request must be filed "not later than the third working day after the party receives notice of the substance of the associate judge's report as provided by Section 201.011." TEX. FAM. CODE ANN. § 201.015(a)(1) (West Supp. 2016). Section 201.011 provides that "notice of the substance of the associate judge's report may be given to the parties in open court, by an oral statement or a copy of the associate judges' written report, including any proposed order." *Id*. § 201.011(c)(1) (West 2014). However, section 201.2041 provides that "[i]f a request for a de novo hearing before the referring court is not timely filed . . . the proposed order or judgment of the associate judge becomes the order or judgment of the referring court without ratification by the referring court." *Id*. § 201.2041.

Here, it appears that the appellant's request for a de novo hearing was not timely filed. The termination order shows that it was signed by the associate judge on October 20, 2016.[1] The order was approved by appellant's trial counsel. Therefore, the record indicates that appellant received notice of the substance of the associate judge's report at least by October 20, 2016. *See In the Interest of M.P.*, No. 04-08-00881-CV, 2009 WL 2413694, at *1 (Tex. App.— 2009, no

---

[1] We note that appellant's request for a de novo hearing states that the associate judge's termination order was signed on October 28, 2016, but the order and the docket sheet state that the order was signed on October 20, 2016.

pet.) (providing that signature of appellant's attorney on associate judge's order established that appellant had notice of the order). However, appellant's request for a de novo hearing was not filed until October 31, 2016, which is more than three working days after appellant received notice of the substance of the associate judge's report. Therefore, appellant's request for a de novo hearing appears to be untimely.

If appellant's request for a de novo hearing was untimely, the associate judge's termination order became the judgment of the referring court and a final, appealable order. *See* TEX. FAM. CODE. ANN. § 201.011; *M.P*, 2009 WL 2413694, at *1. Appellant's notice of appeal from the termination order was therefore due to be filed within twenty days after the associate judge's order was signed, which would have been November 9, 2016. *See* TEX. R. APP. P. 26.1(b). Appellant's notice of appeal was not filed until February 7, 2017.

Absent a timely notice of appeal, this court is without jurisdiction to consider this appeal. *See In the Interest of A.P.*, No. 11-14-00278-CV, 2014 WL 6755631, at *1 (Tex. App.—Eastland 2014, no pet.) (dismissing parental termination appeal for lack of jurisdiction when notice of appeal was untimely).

We, therefore, ORDER appellant to show cause in writing by March 3, 2017 why this appeal should not be dismissed for lack of jurisdiction.

Karen Angelini, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 17th day of February, 2017.

Keith E. Hottle
Clerk of Court